# EXHIBIT A

delivered to you on
9/29/2015 at ___:___ m
By: [signature]

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** Credit Protection Association, L.P. and
*(AVISO AL DEMANDADO):* Does 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:** Jacqueline Taylor,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

09/14/2015 at 11:08:24 AM

Clerk of the Superior Court
By Rita Strom, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Orange 700 Civic Center Drive West Santa Ana, California 92701 | **CASE NUMBER:** *(Número)* 30-2015-00809401-CU-PO-CJC Judge Peter Wilson |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

The Law Offices of Joseph R. Manning, Jr.
4667 MACARTHUR BLVD STE 150, Suite 150, NEWPORT BEACH, CA 92660-8860   949-200-8755

DATE: 09/14/2015   ALAN CARLSON, Clerk of the Court   Clerk, by Rita J. Strom, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Rita Strom

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | CM-010 |
|---|---|---|
| Joseph R. Manning, Jr.    SBN: 223381<br>The Law Offices of Joseph R. Manning, Jr.<br>4667 MACARTHUR BLVD STE 150, Suite 150, NEWPORT BEACH.<br>TELEPHONE NO.: 949-200-8755    FAX NO.: 866-843-8308<br>ATTORNEY FOR *(Name):* Jacqueline Taylor | | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>09/14/2015 at 11:08:24 AM<br><br>Clerk of the Superior Court<br>By Rita Strom, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME: Taylor v. Credit Protection Association, L.P.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2015-00809401-CU-PO-CJC<br>JUDGE: Judge Peter Wilson<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [X] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* One
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 14, 2015

Joseph R. Manning, Jr.
[TYPE OR PRINT NAME]                                    [SIGNATURE OF PARTY OR ATTORNEY FOR PARTY]

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                                    Page 2 of 2

MANNING LAW OFFICE
A PROFESSIONAL CORPORATION
Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Phillip B. Nghiem, Esq. (State Bar No. 291525)
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660
PH: (949) 200-8755
FX: (866) 843-8308

Attorneys for Plaintiff: Jacqueline Taylor

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
09/14/2015 at 11:08:24 AM
Clerk of the Superior Court
By Rita Strom, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF ORANGE- CENTRAL JUSTICE CENTER

| | |
|---|---|
| Jacqueline Taylor, <br><br> Plaintiff, <br><br> vs. <br><br> Credit Protection Association, L.P. and Does 1-10, <br><br> Defendants. | Case No.: 30-2015-00809401-CU-PO-CJC <br> Judge Peter Wilson <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Jacqueline Taylor ("Taylor" or "Plaintiff"), makes this complaint against Defendant Credit Protection Association ("CPA" or "Defendant") and Does 1 to 10 (collectively, "Defendants").

## INTRODUCTION

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendant for calling her wireless cellular telephone multiple times without her prior express consent and without emergency purpose by using an automatic telephone dialing system (ATDS).

**COMPLAINT**

1

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12 (emphasis added); see also Marin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." Id. at §§ 12-13. See also, Mims, 132 S.Ct. at 744 (emphasis added).

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated

**COMPLAINT**

2

dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

## PARTIES

6. Plaintiff Jacqueline Taylor is a natural person residing in California. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, and therefore and was a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant Credit Protection Association, L.P. is a Texas limited partnership with an address of 13355 Noel Road, Dallas, Texas, 75240. CPA collects debts from debtors in the state of California and is a debt collector.

8. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

9. This Court may exercise jurisdiction over this case and these parties under Code of Civil Procedure § 410.10. This is a court of general jurisdiction, and the amount in controversy exceeds this Court's jurisdictional minimum. Plaintiff is a California resident.

10. Venue in this District is proper because Defendants' offensive acts occurred in this District. Defendants caused telephone calls to be placed in this District to Plaintiff.

11. All allegations in this complaint are based on information and/or the documents and information currently available and in the hands of Plaintiff's attorneys, and are such that additionally evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

///

**COMPLAINT**

3

## FACTUAL ALLEGATIONS

12. Since on or about January of 2015 to the present, Defendant and/or its agents began calling Plaintiff's wireless cellular telephone.

13. On information and belief, Defendant called Plaintiff's cellular telephone looking for someone other than Plaintiff.

14. Because Plaintiff has never owed a debt to Defendant, it did not have Plaintiff's prior express consent to contact her on her cellular telephone.

15. Defendant placed these calls to Plaintiff's cellular telephone via an automatic telephone dialing system.

16. An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers. This definition includes systems that dial a fixed set of numbers from a list.

17. The calls to Plaintiff's cellular telephone were not for emergency purposes, as Plaintiff believes that they were intended solely for debt collection activity.

18. As a result of Defendant's harassing phone calls, Plaintiff is entitled to damages.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### VIOLATION OF TCPA

(Against All Defendants)

19. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

20. Defendants make outgoing calls to consumers and others in the regular course of

**COMPLAINT**

4

its business. Defendants' telephone system uses an autodialer: i.e., when the telephone system makes a call, it dials the numbers automatically, so that no human manually dials any telephone numbers. Defendants' telephone system is capable of storing, producing, and dialing any telephone number, and is capable of storing, producing, and dialing telephone numbers automatically. Defendants' telephone system otherwise constitutes an "automatic telephone dialing system" under the meaning of 47 U.S.C. §277 (a)(1).

21. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff (1) that were automatically dialed by Defendants' telephone system; (2) made to Plaintiff's cellular telephone number; (3) without Plaintiff's express consent.

22. Plaintiff seeks to recover statutory damages, as well as injunctive and equitable relief under 47 U.S.C. §227(b)(3).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendants:

a. Judgment against Defendants, and in favor of Plaintiff in the amount of $500 per violation of the TCPA as proven at trial;

b. Judgment against Defendants, and in favor of Plaintiff in the amount of $1,500 per willful violation of the TCPA as proven at trial;

c. Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d. An award of reasonable attorneys fees and costs; AND

e. Such other and further relief as this Court may deem appropriate.

**COMPLAINT**
5

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial of all causes by jury.

Dated: September 14, 2015

By: _____
Joseph R. Manning, Jr., Esq.
Michael J. Manning, Esq.
Phillip B. Nghiem, Esq.
Manning Law Office
A PROFESSIONAL CORPORATION
Attorney for Plaintiff, Jacqueline Taylor

**COMPLAINT**

September 25, 2015

Mr. Joseph R. Manning, Jr.
Manning Law Office, APC
4667 MacArthur Blvd. Ste 150
Newport Beach, CA 92660

RE:   Jacqueline Taylor

Dear Mr. Manning,

We are in receipt of your correspondence regarding an account with our agency. Enclosed is a copy of your correspondence. We have been unable to correctly identify any accounts to correspond with the information provided in your letter. Please provide our office with the phone number allegedly being called, an account number or a copy of our original notice for identification.

Sincerely,


Vickie K. Grant
Executive Administrator

/vkg

Enclosure

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| | | |
|---|---|---|
| Attorney: | Office: 949.200.8751 | 4667 MacArthur Blvd Ste 150 |
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| PrivacyClaims@ManningLawOffice.com | | www.ManningLawOffice.com |

September 15, 2015

**Privileged Settlement Communication under Federal Rules of Evidence § 408**

Legal / Compliance Department
Credit Protection Association d/b/a Equipment Recovery Systems
13355 Noel Rd. 21st Fl.
Dallas, TX 75240

RE:  Jacqueline Taylor

Dear Sir or Madam:

Please be advised that this office represents Jacqueline Taylor ("Client") with respect to our client's claims against Credit Protection Association d/b/a Equipment Recovery Systems ("CPA") for its various and systematic violations of the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA).

Specifically, we will allege in a lawsuit to be filed in the United States District Court that CPA violated the TCPA and FDCPA when it placed at least thirty-two (32) autodialed collection calls to our client's cellular telephone beginning July 3, 2015 and as recently as September 1, 2015 from the phone number (800) 326-1879 without our client's consent and in an attempt to collect a debt owed by an individual who is not your client. If you do contend that you have adequate consent to contact our client via telephone then consent is hereby revoked. Our client's cellular telephone number ending in 8718. In particular, CPA violated the foregoing statutes by doing the following:

- Calling our client using a telephone system that has the capacity to dial telephone numbers without human intervention, without first obtaining our client's prior express written consent;

- Called our client's phone number to collect a debt belonging to another debtor.

The least sophisticated debtor in our client's position would justifiably be misled into believing that because they are receiving phone calls from a debt collector, they must owe the debt. This is the precise type of deceptive conduct that Congress intended to protect consumers against when it enacted the FDCPA.

## DAMAGES

The TCPA provides for damages in an amount totaling the greater of actual monetary loss or $500.00 for each violation of the statute. However, a claimant is entitled to treble damages if a defendant willfully or knowingly violated the statute or regulations promulgated under 47 U.S.C. § 227(b). Courts have interpreted the "willful or knowing" standard to require that a party's actions were intentional, not that it was aware that it was violating a statute.[1]

---

[1] See. e.g., Alea London Ltd., 638 F.3d at 776 (holding that the TCPA requires mere "knowing" conduct); Harris v. World Fin. Network Nat. Bank, 867 F. Supp. 2d 888, 896-97 (E.D. Mich. 2012); Sengenberger v. Credit Control

# Manning Law Office, APC

CIVIL TRIALS, FORECLOSURE DEFENSE, PERSONAL INJURY, CONSUMER PROTECTION & BANKRUPTCY COUNSEL

| | | |
|---|---|---|
| Attorney: | Office: 949.200.8751 | 4667 MacArthur Blvd Ste 150 |
| Joseph R. Manning, Jr. | Facsimile: 866.843.8308 | Newport Beach, CA 92660 |
| PrivacyClaims@ManningLawOffice.com | | www.ManningLawOffice.com |

In addition, under the FDCPA our client is entitled to $1,000.00 in statutory damages, actual damages, and reasonable attorneys' fees and costs required to retain my firm to enforce the statute.

### DEMAND

Prior to filing suit, our client has authorized us to engage in settlement discussions in an effort to settle this matter without having to resort to litigation. In light of the total known telephone calls our client received from CPA and CPA's abusive collection practices, our client has authorized us to demand **$48,000.00** to resolve this matter.

Furthermore, since it is likely that CPA placed several additional calls to our client, CPA has an incentive to resolve this matter prior to litigation and discovery, which should reveal additional violations.

We look forward to hearing from you within fourteen (14) days of the date of this letter. Thank you.



Sincerely,
**LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION**

Joseph R. Manning, Jr., Esq.

---

Servs., Inc., 2010 WL 1791270 (N.D. Ill. May 5, 2010); Bridgeview Health Care Ctr. Ltd. v. Clark, 2013 WL 1154206 (N.D. Ill. Mar. 19, 2013).